### DEWEY R. MATTISON v. THE STATE.

#### No. 6140.   Decided March 16, 1921.

**Theft of the Value of Fifty Dollars—Insufficiency of the Evidence.**

Where, upon trial of theft of over the value of fifty dollars, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Martin.   Tried below before the Honorable Chas. Gibbs.

Appeal from a conviction of theft of over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. M. Cureton,* Attorney General, and Wallace Hawkins, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Martin County of felony theft, and his punishment fixed at confinement in the penitentiary for a term of two years.

The record contains neither bills of exceptions, nor objection to the indictment or the charge.   The motion for new trial raises but two questions, namely; that the proof does not show that the property was taken in Martin County; and that there was a variance between the allegation of ownership in Mr. Burnham, and proof of loss of property belonging to a corporation of which Mr. Burnham was manager.   We are unable to agree with either of these propositions.

We have examined this record carefully and despite the fact that the sufficiency of the evidence is not challenged on behalf of the appellant, other than as above stated, we are constrained to hold that there is not sufficient testimony in the record, as here presented, to support this conviction.   Mr. Burnham, the alleged owner of said property, testified that his store was burglarized on the night of August 30, 1920, and a quantity of merchandise taken, which he described. He says that early next morning he found a car track back of his store where a car had been driven up the night before; that this was a track of a large car, and he described the peculiarity of one casing, and this car was later tracked by him and the sheriff east along the

Texas and Pacific Railroad for a distance of about sixty miles and over-taken in the town of Loraine in Mitchell County. When they overtook this car the engine was running and four men were getting into it, apparently leaving the town, but they were detained and a search made of the car and in it were found a number of guns, razors, knives, ammunition, blankets, etc. Mr. Burnham does not anywhere state that this was his property, nor does he describe it as being similar to or like any property belonging to him, nor does he say that it was new and unused, nor even what became of it after it was found in this car. This witness also testified that on that same morning they found in the edge of the town of Stanton the tracks of a smaller car, also going east. He says that when they overtook the big car at Loraine a Dodge car was just leaving and they later followed and overtook same, in which they found appellant and another young man. This car and its occupants were brought back, but as far as this record discloses, nothing belonging to Mr. Burnham was found in or on the Dodge car. A witness also testified that on the afternoon of the 30th of August he was on the road between Midland and Stanton and saw two cars parked at a draw, and one was a Dodge and one a large car. The witness was a garage man in Stanton and said that a short time later the sheriff brought two cars to his garage and left them, and one of them was a Dodge and in his opinion was the car that he saw on the road at the time mentioned. The witness said there were three men with the cars when he saw them so parked, but he would not attempt to identify appellant as one of them. Another witness testified that he saw two cars also on the afternoon of the 30th of August not far from Stanton with several men in them, but he could not identify appellant as one of the party. Testifying in his own behalf appellant said he was born in Wisconsin and had no home, and after he was discharged from the Army he drifted from place to place, describing in his testimony his wanderings, and that on the morning of the 31st of August he was on the road near Sterling City about breakfast time and met five young men cooking breakfast. They invited him to join them and he accepted their invitation and later joined their party. They had two cars and he rode with them until arrested near Loraine. He denied having been in Stanton at any time and having had anything to do with taking the property of Mr. Burnham, and said he never saw any of the five young men until that morning. Appellant's story was so foreign to the facts as to be almost surely untrue. The record shows that the posse tracked the car from Stanton east along the Texas and Pacific Railroad track to Loraine where they were overtaken. Sterling City, where appellant says he got with the party that morning, is judicially known to us to be the county seat of Sterling County, and is about forty miles south of the Texas and Pacific Railroad. However, he was not on trial for lying, but for theft. No witness saw him take the goods, and no witness saw him in possession of them, or with either of the two cars prior to the theft. No one claimed to find any

stolen property in the Dodge car in which he was riding when arrested and the nearest point to the store of Mr. Burnham where were seen any Dodge car tracks was in the edge of the town of Stanton. Appellant may have stolen all the articles but it was not proven. Possession of property recently stolen may support a conviction for theft if same be unexplained, but even the circumstances of personal possession on the part of appellant is wanting here. That this property was stolen by members of his party would be no stronger reason for his conviction than was given for the justification of the beating administered to Old Dog Tray in the historic Webster's Blue-Back Speller. This would only prove him in bad company, thus creating a bad impression, from which he seems to have suffered right much. Unless the owner of the property can identify same, and unless in some way appellant can be more strongly connected with the taking thereof, we would not uphold a conviction.

For the reason that the record does not show facts making a case of legal guilt against appellant, the cause is reversed and remanded.

*Reversed and remanded.*